Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed in the vice-chancery court at Natchez, to obtain injunction of a judgment at law, and a new trial. There had been a forthcoming bond given, and forfeited in the case.
Infancy of the complainant at the time the note, on which the judgment is founded, yms executed, and usury in the original transaction, are the grounds relied on for equitable interposition and relief.
It has been settled by this court, that where a defence might have been made at law, equity cannot, unless under peculiar circumstances, interfere to set aside a judgment. Thomas v. Phillips, 4 S. & M. 358. Nor will a new trial be decreed by a court of equity, in a case free from fraud in the rendition of the .judgment, unless the party has been deprived of his defence by means beyond his control, and without negligence on his own part. Land v. Elliot, 1 S. & M. 608; Brooks v. Whitson, 7 S. & M. 513.
The defence of infancy is equally available at law, as in equity. A judgment at law against an infant, may be reversed at law, by writ of error coram nobis, and this seems to be the proper remedy. Cole v. Pennell, 1 Rob. Prac. 645; 2 Ran. 174; Arnold v. Sanford, 14 Johns. Rep. 422.
The excuse for failure to make defence at law is, that the complainant was sick at the time of the court; that the witnesses had been directed to be summoned by his counsel; but the subpoena was issued so late that the sheriff could not execute it ; and that the complainant, by reason of his sickness, could not be present to file an affidavit for a continuance.
*147 It is doubtful whether this statement was sufficient to have authorized a continuance of the cause. No reason is shown why the subpoena was not issued in due time. The complainant was not confined by sickness until the day before court, and no sufficient excuse is offered for the previous delay.
There is-also the judgment upon the forthcoming bond. It appears affirmatively in the record, that the party was nearly twenty-five years of age, when this bond was given and forfeited. But the judgment on the forthcoming bond is said to be irregular and erroneous. If this were so, it would not follow that equity could interfere to set it aside. It would have no more power over it, than over any othef erroneous judgment.
Usury is a defence available at law. The statute in this state, does not avoid judgments infected with usury, as it does those infected with gaming. We must administer the law as it exists. Neither is the usury established. It is true the note bears date in this state, and bears ten per cent, interest upon its face, but it is payable in New Orleans, and is, consequently, governed by the laws of Louisiana. We have been furnished with no evidence, that a conventional interest of ten per cent, renders a contract usurious in that state, and without proof we cannot decide it to be so. Martin, Aiken et al. v. Martin, Pleasants & Co., 1 S. & M. 176.
If an error has been committed in the amount of interest contained in the execution subsequent to the judgment, the proper mode of correction is by application to the court from which it emanated.
In regard to the alleged fraud- in the execution of the note, it is not pretended that the appellees had any knowledge of it. They are, therefore, not to be affected by it, even if it exists. See Graves v. Tucker, 10 S. & M. 9.
On the whole, the decree of the vice-chancellor is correct, and the same is affirmed.
Decree affirmed.